**RICOH COMPANY, LTD., Plaintiff,**

v.

**ASUSTEK COMPUTER, INC., Asus Computer International, Quanta Computer, Inc., Quanta Storage, Inc., Quanta Computer USA, Inc., New Universe Technology, Inc., and Nu Technology, Inc., Defendants.**

No. 06–C–0462–C.

United States District Court, W.D. Wisconsin.

April 3, 2007.

Had I concluded that such factors merited consideration, the sentence would have been lower.

Peter J. Wied, Paul, Hastings, Janofsky & Walker, Los Angeles, CA, for Plaintiff.

Todd G. Smith, La Follette, Godfrey & Kahn, S.C., Madison, WI, Alan M. Grimaldi, Howrey LLP, Washington, DC, for Defendants.

## OPINION AND ORDER

CRABB, District Judge.

In this civil action for monetary and injunctive relief, plaintiff Ricoh Company, Ltd. contends that each of the defendants has infringed four of its patents relating to optical disk drives. Two defendants, ASUSTeK Computer, Inc. and ASUS Computer International, have moved for dismissal on the ground that this court lacks the authority to exercise personal jurisdiction over them.

Plaintiff has the burden to show that this court may exercise personal jurisdiction over defendants, but this burden is somewhat reduced in the absence of an evidentiary hearing, at least until further discovery is conducted. *Purdue Research Foundation v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir.2003) (in absence of evidentiary hearing, court accepts all well-pleaded allegations in complaint as true, unless controverted by challenging party's affidavits; any conflicts concerning relevant facts are to be decided in favor of party asserting jurisdiction); *Central States, Southeast and Southwest Areas Pension Fund v. Phencorp Reinsurance Co., Inc.*, 440 F.3d 870, 876–77 (7th Cir. 2006) (when motion is decided on written submissions, question is whether the plaintiff has "established a prima facie case for personal jurisdiction, such that it should [be] allowed to conduct discovery"). *Accord Pennington Seed, Inc. v. Produce Exchange No. 299*, 457 F.3d 1334, 1344 (Fed.Cir.2006). Even under this relaxed standard, plaintiff has failed to make the necessary showing that Wisconsin's long arm statute would authorize an exercise of

personal jurisdiction over defendants ASUSTeK and ASUS. Accordingly, I will grant the motion to dismiss.

For the sole purpose of deciding this motion, I find the following material facts from the pleadings and the affidavits submitted by the parties.

### JURISDICTIONAL FACTS

Defendant ASUSTeK Computer, Inc. manufactures and sells optical storage devices, including CD and DVD drives. It is incorporated in Taiwan and has its principal place of business there. Defendant ASUS Computer International is a wholly owned subsidiary of defendant ASUSTeK. Its state of incorporation and location of its principal place of business is California. Defendant ASUSTeK ships drives to the United States; defendant ASUS distributes and sells them there. Defendant ASUS is the sole North American sales outlet for defendant ASUSTeK.

Defendant ASUSTeK's website includes "North America" in a list of 33 countries and regions in which it has a presence. All but seven of these locations are in Europe and Asia. According to *BusinessWeek Online*, defendant ASUSTeK has made $539 million in profits.

(The document submitted by plaintiff does not indicate what time period this covers.) In addition to optical drives, defendant ASUSTeK manufactures and sells motherboards, monitors, notebook computers, graphics cards, personal digital assistants and other electronics.

Defendant ASUS is not registered to do business in Wisconsin; it does not have offices, employees or registered agents here. No "princip[al]s or personnel" of defendant ASUS have traveled to this state.

Defendant ASUS has not shipped any products to Wisconsin. It does not do any advertising there. As of the date defendants filed their motion to dismiss, they were not aware of any sales of their products in this state. Since 2002, defendant ASUS has shipped four or five repair units to addresses in Wisconsin.

Defendants maintain a website that can be accessed anywhere in the world, including Wisconsin, but defendants' products cannot be purchased through that site.

In August 2006, counsel for plaintiff purchased a number of optical disk drives from various vendors throughout the country that counsel located by searching the internet. These purchases included: from Space Center Systems, Inc. in Illinois, two ASUS DRW–1608P2S drives; from Ultradrives.com in California, two QSI SDR–083 drives, two QSI TDR–085 drives and one QSI SDW–082 drive; from Newegg.com (location not specified), two NU EDW–082 drives and two ASUS CRW–5232 A4 drives; from PC Direct in Ohio, one QSI SDW–082 drive; from Priority Computer Parts in California, one ASUS CRW 5232A4 drive; from NetCom Direct in California, two QSI SBW–242 drives; from Surplus Computers in California, three QSI SBW–242 drives; from Price Grabber.com in California, two ASUS CRW–5232AS drives; and from Spartan Technologies in Illinois, three ASUS CRW–5232AS drives.

Each of the drives was shipped to counsel for plaintiff's offices in Madison, Wisconsin. It is counsel's "understanding" that the ASUS drives purchased from Space Center Systems were manufactured by defendant ASUSTeK Computer, Inc. On defendants' website, Newegg.com and Space Center Systems are listed as "US Resellers" for defendants' optical drives. Defendant ASUS does not have an agreement with Space Center Systems, Priority Computer Parts, PriceGrabber or Spartan to sell or distribute ASUS products in Wisconsin. Of these companies, only Spartan is defendant ASUS's customer.

Defendant ASUS has shipped products for Spartan to Pennsylvania.

Plaintiff filed this lawsuit on August 24, 2006.

The website for Radio Shack, a consumer electronics store, offers 21 "ASUS products" for sale online. In January 2007, counsel for plaintiff ordered from this website an ASUS 16x/8x DVD R/RW Dual Layer IDE Drive (Model No. DRW1608P3S), which was shipped to Madison, Wisconsin. Also in January 2007, the website for Milwaukee PC offered 37 "ASUS products" for sale. Counsel for plaintiff contacted the Madison location of Milwaukee PC and requested the ASUS 16x DVD RW. The store did not have the model in stock, but Madison employees obtained the model from another store in Wisconsin, after which counsel for plaintiff purchased it.

CompUSA has twice included ASUS products in advertisements placed in the *Wisconsin State Journal*, a newspaper published and distributed in Madison, Wisconsin. On January 28, 2007, an advertisement included the ASUS Deluxe AM2 motherboard; on February 4, 2007, both the ASUS Deluxe AM2 and the ASUS Deluxe AMD 939 motherboards were included. On January 26, the Madison location of CompUSA had available for sale the ASUS ATX Socket LGA775 and the ASUS ATX Deluxe/Wireless Edition Socket AM2.

## OPINION

■ Before turning to the substance of the motion to dismiss, I address two preliminary matters. First, there is some dispute among the parties regarding the governing case law. Defendants ASUS-TeK and ASUS cite primarily cases of the Court of Appeals for the Seventh Circuit; plaintiff argues that this is inappropriate in a patent case. Plaintiff is correct that Federal Circuit law controls. *Silent*

*Drive, Inc. v. Strong Industries*, 326 F.3d 1194, 1201 (Fed.Cir.2003) ("Because the issue of personal jurisdiction in a declaratory action for patent invalidity and noninfringement is intimately related to patent law, personal jurisdiction ... is governed by the law of this circuit.") However, there are no substantive differences between a personal jurisdiction analysis in a patent case and any other case. Both the Federal and Seventh circuits apply the same general standards for determining personal jurisdiction as set forth by the Supreme Court. Accordingly, I have considered law from jurisdictions outside the Federal Circuit when it was relevant and persuasive.

Second, the parties have treated defendant ASUSTeK and defendant ASUS as the same for the purpose of this motion. In other words, the parties have assumed that if defendant ASUS has (or does not have) sufficient contacts with Wisconsin making an exercise of personal jurisdiction appropriate, this determination applies to defendant ASUSTeK as well. *But see Cannon Manufacturing v. Cudahy Packing Co.*, 267 U.S. 333, 336, 45 S.Ct. 250, 69 L.Ed. 634 (1925) (existence of parent-subsidiary relationship insufficient to support personal jurisdiction over nonresident parent whose subsidiary has sufficient contacts with forum state). As a result, I have analyzed the two defendants together and will refer to them collectively as "defendants" for the remainder of the opinion.

### A. *General Principles*

■ Step one in a personal jurisdiction analysis is determining whether the forum state would permit a suit against the defendant. Fed.R.Civ.P. 4(k)(1)(A); *Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc.*, 444 F.3d 1356, 1361 (Fed.Cir.2006); *Silent Drive*, 326 F.3d at 1201. Step two is determining whether an exercise of jurisdiction comports with the

due process clause. *Breckenridge Pharmaceutical, Inc.*, 444 F.3d at 1361; *Silent Drive*, 326 F.3d at 1201.

In its brief, plaintiff suggests that step one is unnecessary in this state because Wisconsin extends its jurisdictional reach to the limits of due process. In support, it cites a single case from 1964 (and a district court case citing back to it) discussing a law professor's interpretation of a previous version of Wisconsin's long arm statute. *Flambeau Plastics Corp. v. King Bee Manufacturing Co.*, 24 Wis.2d 459, 464, 129 N.W.2d 237, 240 (1964). In more recent cases, the Wisconsin Supreme Court has made it clear that "[e]very personal jurisdiction issue requires a two-step inquiry," including evaluations under both state law and the due process clause. *Kopke v. A. Hartrodt S.R.L.*, 2001 WI 99, ¶ 8, 245 Wis.2d 396, 629 N.W.2d 662. *See also Bushelman v. Bushelman*, 2001 WI App 124, ¶ 7, 246 Wis.2d 317, 629 N.W.2d 795.

Certainly, the analyses under the long arm statute and the due process clause may inform each other. *Kopke*, 2001 WI 99, ¶ 22, 245 Wis.2d 396, 629 N.W.2d 662. But this does not mean that the state law analysis is superfluous. The Wisconsin Supreme Court has noted expressly that the state long arm statute may be harder to satisfy than due process alone. *Fields v. Peyer*, 75 Wis.2d 644, 651, 250 N.W.2d 311, 315 (1977) (stating that "in all probability" long arm statute requires "additional contact" beyond what due process requires). Accordingly, I begin with Wisconsin's long arm statute, Wis. Stat. § 801.05. Plaintiff identifies two provisions as potential bases for exercising personal jurisdiction: §§ 801.05(4) and 801.05(1)(d). Because plaintiff has the burden to make a prima facie case, I limit consideration to these provisions.

B. *Wis. Stat. § 801.05(4): Local Injury*

This provision reads:

Local injury; foreign act. In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either:

(a) Solicitation or service activities were carried on within this state by or on behalf of the defendant; or

(b) Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade.

Wis. Stat. § 801.05(4).

The threshold question is whether there was an "injury to person or property within this state arising out of an act or omission outside this state by the defendant." In support of its contention that there was, plaintiff points to a number of purchases of defendants' products by plaintiff's local counsel and cites case law holding that the location of the injury in a patent case is "the place of the infringing sales" rather than the location of the injured party. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1571 (Fed.Cir.1994) (applying Virginia law). (Of course, it is the case law of the Wisconsin Supreme Court rather than the Court of Appeals for the Federal Circuit that controls this court's application of a Wisconsin statute. *Akro Corp. v. Luker*, 45 F.3d 1541, 1544 (Fed.Cir.1995) (citing Ohio law to determine reach of that state's long arm statute). However, the parties do not cite any Wisconsin decisions on this issue and I am unaware of any, so I consider *Beverly Hills Fan Co.* as persuasive authority.)

Assuming that the Wisconsin Supreme Court would adopt the theory set forth in Beverly Hills Fan Co., plaintiff must still overcome several obstacles to succeed on this theory. First, in its amended com-

plaint, plaintiff identifies only three of defendants' products that allegedly infringe its patents: ASUS DRW–0804P, ASUS CRW–5232 and ASUS CRW–5232AS. Because the injury is caused by the sale of an *infringing* product, only Wisconsin sales of those products could qualify as an injury under Wis. Stat. § 801.05(4). (To be precise, plaintiff alleges that defendants sell infringing drives "including, without limitation" the models listed above. Although pleading standards under Fed. R. Civ. 8 are liberal, a plaintiff must provide notice of its claim so that the other side may prepare a defense. In the context of alleged patent infringement, this means at least that the plaintiff must tell the defendant which products allegedly infringe the plaintiff's patent. Failing to identify the infringing product in a patent case is akin to failing to identify the retaliatory action in a civil rights case. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir.2002); *see also Phonometrics, Inc. v. Hospitality Franchise Systems, Inc.*, 203 F.3d 790, 794 (Fed.Cir. 2000) (finding allegations of complaint sufficient in part because they "describe the means by which the defendants allegedly infringe" plaintiff's patent). Thus, to the extent plaintiff intends to include other products of defendants in its complaint, it has failed to satisfy the requirements of Rule 8.)

In its materials filed in opposition to defendants' motion, plaintiff does not point to any sales of Model No. ASUS DRW–0804P in Wisconsin or elsewhere. With respect to the other models in the complaint, plaintiff points to purchases from Priority Computer Parts, PriceGrabber.com, Spartan Technologies and Newegg.com. Priority Computer and PriceGrabber.com are located in California; Spartan is in Illinois; plaintiff does not say where Newegg.com is located. All other cited purchases were related to models not mentioned in plaintiff's complaint. Of the purchases of the allegedly infringing models, all were made online by counsel for plaintiff and shipped to counsel's office in Madison, Wisconsin.

These facts raise several questions. Does an injury occur "within" Wisconsin when an allegedly infringing product is shipped to Wisconsin after an internet purchase from a company not located in the state? Is the sale of an allegedly infringing product an "injury" covered by the statute? *Nagel v. Crain Cutter Co.*, 50 Wis.2d 638, 184 N.W.2d 876 (1971) (only "tortious" injuries are covered; alleged violation of patent licensing agreement does not constitute "local injury" within meaning of long arm statute). Is there an "injury … arising out of an act or omission outside this state by the defendant" when any harm was caused by purchases of the plaintiff's own agents?

The parties address the last question only, so it is the one I shall consider. I agree with defendants that plaintiff's purchases do not provide a basis for exercising jurisdiction under § 801.05(4).

It is undisputed that plaintiff purchased defendants' products for the sole purpose of providing a basis for personal jurisdiction. It does not appear that either the Wisconsin courts or the Court of Appeals for the Federal Circuit (in construing a comparable long arm statute) has considered whether such purchases may qualify as a "local injury." Neither side cites a case addressing this issue squarely. However, common sense requires a conclusion that such a forced and artificial exercise cannot provide the basis for personal jurisdiction. Economic harm to plaintiff does not out "aris[e] out of" defendants' actions when no sale would have been made but for plaintiff's choice to make a purchase. Alternatively, a strong argument exists that a self-inflicted wound is not an "injury" at all within the meaning of the statute.

Such a conclusion is consistent with the reasoning of the Court of Appeals for the Federal Circuit in *Beverly Hills Fan Co.,* 21 F.3d at 1571, that the sale of an infringing product in a particular state injures the plaintiff in that state because "the patent owner loses business there" and "the sale represents a loss in potential revenue through licensing or other arrangements." It defies logic to say that a patent holder "loses business" when the patent holder itself purchases a competitor's product. This conclusion is also consistent with the requirement under the due process clause that personal jurisdiction comes from purposeful activity of the defendant, not the plaintiff. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (plaintiff's "unilateral act" of bringing defendant's product into forum state not sufficient constitutional basis for personal jurisdiction over defendant); *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.,* 28 F.3d 572, 580 (7th Cir.1994) ("the sufficiency of the contacts is measured by the defendant's purposeful acts").

In its response to defendants' motion to dismiss, plaintiff does not adequately explain how an online purchase it made from a retailer in another state may qualify as an injury arising out of an act of defendants. Plaintiff cites *Stevens v. White Motor Corp.,* 77 Wis.2d 64, 73, 252 N.W.2d 88, 93 (1977), for the proposition that it does not matter how a product was brought into the state, but the question in that case was not whether the plaintiff had suffered a local injury caused by the defendant. Rather, in that case, a part manufactured by the defendant exploded in Wisconsin. Not surprisingly, there was no discussion in that case about whether the plaintiff had caused the explosion himself for the sole purpose of creating a basis for jurisdiction.

■ Another holding in *Stevens* could benefit plaintiff, even though plaintiff does not discuss it. It is that the plaintiff is not required to come forward with evidence of actual sales in the state. Rather, a court may reasonably infer contacts with the state from other evidence in the record. *Stevens,* 77 Wis.2d at 74, 252 N.W.2d at 93.

If plaintiff had purchased the accused products at stores in Wisconsin or even through websites that targeted Wisconsin residents, it might be reasonable to infer that other Wisconsin sales were being made as well. Plaintiff did purchase some of defendants' products locally after it filed this lawsuit. Even assuming that plaintiff may rely on post-filing events to establish personal jurisdiction, *Central States, Southeast and Southwest Areas Pension Fund v. Phencorp Reinsurance Co., Inc.,* 440 F.3d 870, 877–78 (7th Cir.2006) (existence of personal jurisdiction determined at time of filing), the local purchases were not of products that allegedly infringe plaintiff's patents. Similarly, the post-filing local advertisements cited by plaintiff involved non-infringing products as well. As noted above, plaintiff identifies no cognizable injury it could sustain from the sale of a non-infringing product, so plaintiff cannot rely on potential sales of those products to satisfy Wis. Stat. § 801.05(4).

All of the *accused* products plaintiff purchased came from retailers located outside Wisconsin or from places unknown. Plaintiff does not suggest that any of those retailers have outlets in Wisconsin that carry the accused products. This fact distinguishes plaintiff's case from the federal cases cited by plaintiff in which courts found it appropriate to exercise personal jurisdiction under long arm statutes similar to Wis. Stat. § 801.05(4). In each of those cases, the record established that the accused products were available for sale in retail outlets located within the forum state. *Beverly Hills Fan Co.,* 21 F.3d at 1560 (accused product available at no less

than six stores in forum state; defendant did "substantial amount of business" in forum state); *Kernius v. International Electronics, Inc.*, 433 F.Supp.2d 621, 624 (D.Md.2006) (accused products sold across state at various large retailers); *LG Electronics, Inc. v. Asustek Computers*, 126 F.Supp.2d 414, 419–20 (E.D.Va.2000) (accused products, motherboards, sold at "several retailers" in forum state). Plaintiff does not cite a single case in which a court found it appropriate to exercise personal jurisdiction solely on the basis of an online purchase from a retailer located outside the forum state, much less an online purchase made by the plaintiff itself.

Even if I assumed that § 801.05(4) would be satisfied by other Wisconsin residents' purchases of accused products from the websites identified by plaintiff, it has adduced no evidence to suggest that other Wisconsin residents have made such purchases. The record reveals only the companies' names and the information that they each had one of the accused products available for sale as of August 2006. Plaintiff provides no information about how much business these companies do in Wisconsin or elsewhere or, more important, how many of the accused products they have sold to Wisconsin residents. None of the four companies—Priority Computer Parts, PriceGrabber.com, Spartan Technologies and Newegg.com—is immediately identifiable as a large, ubiquitous online store like Amazon.com, such that it would be reasonable to infer without specific evidence that there have been past sales to Wisconsin residents. (Plaintiff does say that Radio Shack offers various products of defendants for sale on its website, but plaintiff does not identify any of these products as accused devices.)

Finally, in the "background" section of its brief, plaintiff cites a *Business Week* chart showing that defendants generated $539 million in profits during an unspeci-fied period of time. Plaintiff argues that a company so large *must* have made sales in Wisconsin. However, this argument is far too speculative to provide a basis for exercising personal jurisdiction. The figure cited by plaintiff represents the global profits for defendants. Plaintiff provides no sales figures for the United States, much less for Wisconsin. In fact, other information cited by plaintiff suggests that the vast majority of defendants' business is conducted in Asia and Europe, where defendants have the largest presence. The United States is not even listed separately on defendants' website, but instead is lumped in with "North America."

Even more important, plaintiff provides no information regarding defendants' sales of allegedly infringing products. Defendants manufacture and sell models of optical drives other than those alleged to have infringed plaintiff's patents and many other products as well. The information submitted by plaintiff provides no basis from which it could be reasonably inferred that the allegedly infringing products constitute a significant part of defendants' sales globally, in the United States or in Wisconsin.

The only inference that may be drawn from the current record is that the allegedly infringing products would never have found their way into Wisconsin if plaintiff had not brought them here. Further, plaintiff has not requested discovery on this issue, so I need not consider whether plaintiff should have an opportunity to submit additional evidence. In fact, it is very unlikely that discovery would lead to a different result. The record is clear that plaintiff did everything it could short of opening its own ASUS outlet to find accused products in Wisconsin. Plaintiff's failure to find such products despite its best efforts is strong evidence that defendants do not have contacts with Wisconsin that satisfy the requirements of Wis. Stat.

§ 801.05(4). In any event, plaintiff has not made a prima facie case that they do.

### C. *Wis. Stat. § 801.05(1)(d):* Local Presence

Alternatively, plaintiff relies on Wis. Stat. § 801.05(1)(d), which provides:

> (1) Local presence or status. In any action whether arising within or without this state, against a defendant who when the action is commenced:
>
> . . . .
>
> (d) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise.

■■ This provision is similar to the test for general jurisdiction under the due process clause, under which the plaintiff must show that the defendants' contacts are so "continuous and systematic" that it would be fair to sue the defendant in that state on any matter, even those unrelated to its contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). *See also Travelers Insurance Co. v. George McArthur and Sons,* 25 Wis.2d 197, 130 N.W.2d 852 (1964) (to qualify under subsection (1)(d), contacts must be "continuous and systematic"). In considering whether the requirements of Wis. Stat. § 801.05(1)(d) are met, courts look at both the quantity and quality of the defendants' contacts. *Shepherd Investments International, Ltd. v. Verizon Communications Inc.,* 373 F.Supp.2d 853, 863–64 (E.D.Wis. 2005). (In some cases, courts have considered the contacts' "connection with the cause of action,") *Druschel v. Cloeren,* 2006 WI App 190, ¶ 8, 295 Wis.2d 858, 723 N.W.2d 430 (2006), which seems inconsistent with a test that determines whether an exercise of personal jurisdiction would be appropriate in *any* case against the defendant.

To the extent § 801.05(1)(d) requires a nexus between the contacts and the lawsuit, an exercise of personal jurisdiction would be improper for similar reasons as those discussed under § 801.05(4).

In the context of cases involving corporations and other business entities, the Court of Appeals for the Seventh Circuit has characterized the test as whether the defendant "has solicited, created, nurtured, or maintained, whether through personal contacts or long-distance communications, a continuing business relationship with anyone in the state." *Stauffacher v. Bennett,* 969 F.2d 455, 457 (7th Cir.1992). Another court has stated that the question is whether the defendant's contacts within the state are of the same nature and character as that of a local business, meaning, for example that "a corporation must at least supervise the conduct of its business, produce goods or services, or carry out sales activities in a state." *Shepherd Investments International, Ltd. v. Verizon Communications, Inc.,* 373 F.Supp.2d 853, 863 (E.D.Wis.2005).

Plaintiff appears to recognize that it cannot satisfy the requirements of § 801.05(1)(d). Its 1 1/2–page argument on this issue is half-hearted at best. Initially, I note that it is undisputed that defendants have not maintained many of the contacts courts consider relevant to an analysis under Wis. Stat. § 801.05(1)(d). They have never visited Wisconsin, *Druschel,* 2006 WI App 190, ¶ 10, 295 Wis.2d 858, 723 N.W.2d 430, are not registered to do business in the state and have not engaged in their own advertising or otherwise solicited business in the state, *Shepherd Investments,* 373 F.Supp.2d at 863–64. They have "no employees in Wisconsin, no Wisconsin real estate, no Wisconsin bank accounts, no registered agents in Wisconsin, no customers and no sales people in Wisconsin." *Morris Material Han-*

*dling, Inc. v. KCI Konecranes PLC,* 334 F.Supp.2d 1118, 1121 (E.D.Wis.2004).

Nevertheless, in its brief, plaintiff points to the following contacts as supporting an exercise of jurisdiction:

· CompUSA advertised two of defendants' products in Wisconsin publication on two occasions after plaintiff filed this suit; two other products of defendants were available for sale at one CompUSA store in Wisconsin;

· Milwaukee PC offers 37 products of defendants for sale on its website. One of its Wisconsin locations has sold at least one of defendants' products. (In addition, counsel for plaintiff avers in an affidavit that a Milwaukee PC employee told him over the telephone that it was "an authorized reseller" of defendants' products. However, plaintiff makes no argument why this evidence should be considered despite the fact that it is hearsay, particularly because Milwaukee PC is not included on defendants' list of authorized resellers, a document that *plaintiff* submitted to the court and on which it relies for other purposes.)

I cannot conclude that either the quantity or quality of the contacts cited by plaintiff satisfies Wis. Stat. § 801.05(1)(d). With respect to quality, none of the sales, offers for sale or advertisements are conducted by defendants themselves and plaintiff has adduced no competent evidence that CompUSA or Milwaukee PC are customers of defendants or otherwise have a "continuing business relationship" with them in Wisconsin. With respect to quantity, a handful of local sales does not qualify as "substantial" activity. These contacts are a far cry from those in the sole case plaintiff cites, *K.W. Muth Co., Inc. v. Gentex Corp.,* No. 06–C–0378–C, 2006 WL 2772828, *2 (W.D.Wis.2006), in which I found that the defendant had "two alliances with Wisconsin companies" and a "network of distributors within the state."

Wis. Stat. §§ 801.05(1)(d) and (4) are the only two provisions in the long arm statute on which plaintiff relies. Because plaintiff has not made a prima facie case that this court may exercise personal jurisdiction under either of them, it is unnecessary to consider whether defendants have sufficient Wisconsin contacts to satisfy the due process clause.

## ORDER

The motion to dismiss brought by defendants ASUSTeK Computer Inc. and ASUS Computer International is GRANTED. The complaint is dismissed as against them.